IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


SHAUN RANDOLF BIERAU                                                    PLAINTIFF

v.                              Civil No. 5:25-cv-05055-TLB-CDC

CORRECTIONAL OFFICER Z.
WHITEHEAD, Benton County Detention
Center                                                                 DEFENDANT


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  The case is before the Court on Plaintiff's failure to obey the orders of the Court.

## I.  DISCUSSION

On December 4, 2025, Defendant filed a Motion for Summary Judgment (ECF No. 19).  The Court entered an Order directing Plaintiff to file a response to this Motion by December 26, 2025.  *See* ECF No. 22.  The mailing of that Order to Plaintiff was returned as undeliverable.  *See* ECF No. 23.  However, Plaintiff never provided the Court with his new address, despite having previously been ordered to do so within thirty days of any change in his address.  *See* ECF No. 3.  Therefore, on January 16, 2026, this Court entered another Order directing Plaintiff to show cause why he failed to obey those previous Orders, and imposing a deadline of February 6, 2026, for Plaintiff's show-cause response.  *See* ECF No. 24.  That show-cause Order was also returned as undeliverable, *see* ECF No. 25, and Plaintiff never responded to it.

1

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court.  Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).  Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.  Therefore, Plaintiff's case should be dismissed for failure to comply with the Court's Local Rules and orders and for failure to prosecute this case.

## II.  CONCLUSION

Accordingly, it is recommended that this case be **DISMISSED WITHOUT PREJUDICE** based on Plaintiff's failure to prosecute this case and his failure to obey the orders of the Court.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **24th day of February 2026**.

/s/ *Christy Comstock*

HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

2